IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES A. JENKINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-010 |
| ) | |
| MIKE RAGSALE,[1] *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff filed this lawsuit in the Circuit Court for Knox County, Tennessee. He has sued 27 defendants both individually and in their official capacities. The defendants removed the case to this court because plaintiff alleges, *inter alia*, violations of 42 U.S.C. § 1983.[2]

Now pending is defendants' Rule 12(b)(6) motion to dismiss, in which an array of overlapping arguments is offered as to why most of the complaint should be dismissed as to most of the defendants. Plaintiff has not responded within the time allowed by the court's local rules. For the reasons that follow: plaintiff's federal claims will be dismissed; the court will decline to exercise supplemental jurisdiction over the remaining state law claims; and

---

[1] It is judicially noticed that the correct spelling of defendant "Ragsale"'s name is in fact "Ragsdale." However, as is its practice, the court in its case caption will use the spelling employed by plaintiff in the caption of his complaint.

[2] Plaintiff is a citizen of Tennessee. The complaint does not indicate that any defendant is not also citizen of Tennessee. Diversity jurisdiction under 28 U.S.C. § 1332 therefore does not exist.

the case will be remanded to the Circuit Court.

I.

*Applicable Legal Standards*

The Federal Rules of Civil Procedure authorize dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

In resolving a Rule 12(b)(6) motion, the court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). The court need not, however, accept legal conclusions presented in the complaint, nor should it make unwarranted factual inferences. *See Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005) (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

If "matters outside the pleadings are presented to and not excluded by the court," a motion under Rule 12 (b)(6) "must be" converted to a summary judgment motion under Rule 56. *See* Fed. R. Civ. P. 12(d). There are, however, exceptions to this rule. For example, documents attached to the motion are considered part of the pleadings if they are: (1) central to a plaintiff's claim; and (2) referred to in the complaint. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

II.

*Background*

According to the complaint, plaintiff was arrested on July 27, 2006, and his vehicle was seized. Plaintiff was forced to "strip" in a parking lot along with other arrestees, all of whom were chained together and "paraded before members of the media on multiple occasions" and "used as a 'photo opportunity'" on "national drug round-up day." Plaintiff was jailed until early August 2006. The car seized from plaintiff was ordered returned on January 24, 2007, following an Administrative Judge hearing, although defendants refused to release the vehicle until towing and storage fees were paid.[3] The charges against plaintiff were dismissed on December 5, 2008, "without hearing or trial."

---

[3] The date and circumstances of the vehicle's release are taken from a Tennessee Department of Safety order attached to the motion to dismiss. The court has considered the order because the hearing to which it pertains is central to plaintiff's claims and is referred to in the complaint. *See Klais*, 108 F.3d at 89.

3

Plaintiff then filed the instant lawsuit on December 7, 2009. According to the introductory section of his complaint, plaintiff brings three categories of claims:

1. 42 U.S.C. § 1983 claims "aris[ing] under the Fourth, Fifth, Eighth and Fourteenth Amendments";

2. Claims under the Tennessee Governmental Tort Liability Act; and

3. Common law claims of "intentional and/or negligent infliction of emotional distress, conversion, negligence, negligent supervision, gross negligence, assault, false imprisonment, false arrest and malicious prosecution."

III.

*Analysis*

The first argument presented in defendants' motion is that plaintiff's § 1983 claims are untimely under the statute of limitations, "except the § 1983 claim for malicious prosecution." The court substantially, but not entirely, agrees with defendants' position. Specifically, the court concludes that the complaint does not contain a federal malicious prosecution claim, and thus <u>all</u> of plaintiff's § 1983 allegations are untimely. *See Rauch v. Day & Night Mfg.*, 576 F.2d 697, 699 n.1 (6th Cir. 1978) ("It is of course proper, and indeed mandatory for a court to inquire into it subject-matter jurisdiction."); Fed. R. Civ. P. 12(h)(3).

The statute of limitations applied to § 1983 actions is the limitations period of the forum state. *See Kuhnle Bros. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997). In Tennessee, "Civil actions for compensatory or punitive damages . . . brought under the

federal civil rights statutes" must be filed within one year "after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(3). A cause of action "accrues" under § 1983 "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kuhnle*, 103 F.3d at 520 (citation omitted).

Count one of the complaint is captioned "Violation of Civil Rights and Title 42 USC 1983," whereas the captions of the remaining five counts make clear that the allegations contained within them (counts two through six) are *state law* claims. Count one, at paragraph 18, specifies the following federal constitutional issues allegedly entitling plaintiff to relief under § 1983: unreasonable search and seizure; deprivation of liberty without due process; deprivation of property without due process; use of excessive force; taking; and cruel and inhumane treatment. These allegations can only be read as pertaining to plaintiff's arrest, his ten-day stay in jail, and the vehicle seizure. Each of those episodes - according to the minimal factual allegations of the complaint - occurred and were concluded between July 2006 and January 2007, but plaintiff did not file suit until December 2009. As § 1983 allegations, these claims are barred by the one-year statute of limitations.

The complaint does *not* contain a § 1983 claim for malicious prosecution. Nowhere within count one does plaintiff specifically refer to his prosecution, nor can any of his specific constitutional allegations at paragraph 18 (or the factual allegations within count one) be read as referring to his prosecution. Count one references the actions of (and the alleged failure to supervise and train) the arresting police officer defendants. It is not until

5

count two of the complaint, at paragraph 22, that plaintiff raises a possible malicious prosecution claim. Count two is captioned "Tennessee Governmental Tort Liability Act Pursuant to T.C.A. 29-20-101 / Tennessee Common Law (False Imprisonment and Malicious Prosecution)."

The court accordingly concludes that plaintiff has not alleged a federal malicious prosecution claim.

> [O]ur review of [plaintiff's] First Amended Complaint reveals that no such claim [for malicious prosecution] was pleaded. The complaint contains no count designated "malicious prosecution," and contains no allegation of malicious prosecution in the counts designated 'Violation of Constitutional Rights" (Count 1) or "Violation of Civil Rights" (Count III). In fact, the words "malicious prosecution" appear only once within the count designated "Duty to Conduct a Fair and Just Investigation" under the Michigan Constitution (Count IV) . . . . This cursory reference to malicious prosecution, buried within a count arising under the Michigan Constitution, does not provide fair notice to the Defendants of a *federal* malicious prosecution claim, even under liberal notice pleading.

*Drake v. City of Detroit*, 266 F. App'x 444, 450 (6th Cir. 2008) (emphasis in original). Further, as in *Drake*, "the complaint does not even contain a formulaic recitation of the elements of a federal malicious claim, which would by itself not constitute sufficient pleading." *Id.* "Naked assertions" without "further factual enhancement" are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

IV.

*Conclusion*

For the reasons provided above, count one of the complaint will be dismissed in its entirety. Because the only claims over which the court has removal jurisdiction will be dismissed, the court declines to exercise supplemental jurisdiction over the remaining state law issues, and this matter will be remanded to the Circuit Court for Knox County, Tennessee. *See* 28 U.S.C. §§ 1367(c)(3), 1447(c).

An order consistent with this opinion will be entered.

ENTER:

                                            s/ Leon Jordan
                                      United States District Judge